# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan B. Gottschall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 1503 | **DATE** | April 3, 2012 |
| **CASE TITLE** | Robert Gayol (#2011-1026129) vs. City of Chicago, et al. | | |

**DOCKET ENTRY TEXT**

The court grants plaintiff's motion for leave to file *in forma pauperis* [3]. Trust fund officials at plaintiff's place of confinement are authorized to make deductions from plaintiff's account in accordance with this order. The clerk shall mail a copy of this order to the trust fund officer at the Cook County Jail. Plaintiff's complaint is dismissed without prejudice to plaintiff submitting an amended complaint within 30 days of the date of this order. The clerk shall send plaintiff an amended civil rights complaint form and instructions for filing, along with a copy of this order. Plaintiff's failure to comply with this order will result in summary dismissal of this case.

■[ For further details see text below.]     Docketing to mail notices.

# STATEMENT

    Plaintiff Robert Gayol, incarcerated at the Cook County Jail, has filed this 42 U.S.C. § 1983 action against the Chicago Police Department and the City of Chicago. He alleges the following: he was arrested on October 25, 2011, while he was attempting to sell an item to a sporting goods store; his truck was towed and impounded; he was never read his rights in accordance with *Miranda v. Arizona*, 384 U.S. 436 (1966), or allowed to make a phone call; he was placed in a cell without a mattress; and he was "mis-fed."

    Plaintiff's motion to proceed *in forma pauperis* indicates that he is unable to pre-pay the $350 filing fee. The court grants his motion and assesses an initial partial filing fee of $8.00. *See* 28 U.S.C. § 1915(b)(1). The supervisor of inmate trust accounts at plaintiff's place of confinement is authorized to deduct the initial partial filing fee from plaintiff's trust fund account and send it to the court. Thereafter, the trust fund officer shall collect monthly payments from plaintiff's account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from plaintiff's account shall be forwarded to the clerk of court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, IL 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify plaintiff's name and the case number assigned to this action. Plaintiff shall remain responsible for the filing fee, and Cook County Jail authorities shall notify transferee authorities of any outstanding balance in the event plaintiff is transferred to another facility.

    Although plaintiff may proceed *in forma pauperis*, his complaint cannot proceed for several reasons. First, it is unclear from the complaint what claims plaintiff seeks to raise. To satisfy the notice pleading requirement of Fed. R. Civ. P. 8(a), plaintiff must provide sufficient information to give the court and the defendants notice of what claims are being alleged and the grounds upon which the claims are based. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although plaintiff seeks compensation for "wrongful arrest," it is unclear from his complaint if he is alleging that he was arrested without probable cause. He further states that his truck was impounded, yet it is unclear whether he has been denied the return of property. Nor is it clear whether his assertion that he was "mis-fed" is an allegation that the food is inedible or that he not received meals in accordance with dietary or religious restrictions.

| STATEMENT |
|---|

    Second, plaintiff has not named proper defendants. The Chicago Police Department is not a suable entity and cannot be named as a defendant. *Chan v. Wodnicki*, 123 F.3d 1005, 1007 (7th Cir. 1997). Plaintiff must name a suable party as defendant. Although the City of Chicago is a suable entity, it is unclear what claims plaintiff seeks to assert against it. If the City of Chicago and the Chicago Police Department were named for plaintiff's arrest, he should name the individual officers as defendants. Similarly, if plaintiff seeks to allege that the conditions of his confinement were or are unconstitutional, he should name the jail officers who were or are responsible for the conditions, such as the superintendents of his division. If plaintiff does not know the names of these individuals, he may refer to them as John or Jane Doe and name a supervisory official, such as Garry McCarthy (Chicago Police Superintendent) or Tom Dart (Cook County Sheriff), as Defendant so that the individual officers may be identified.

    Lastly, though it is unclear exactly what claims are being raised, it appears that plaintiff seeks to raise unrelated claims. "Unrelated claims against different defendants belong in different suits." *George v. Smith*, 507 F.3d 605, 607-08 (7th Cir. 2007). Unless plaintiff's claims involve the same defendants, his claims about his arrest and his claims about his confinement belong in separate suits.

    The court accordingly dismisses the complaint without prejudice. To proceed with this case, plaintiff must submit an amended complaint. Plaintiff is given 30 days from the date of this order to submit an amended complaint that clearly states what his claims are, that asserts only related claims, and that clearly indicates which defendant is being sued for each claim and why. Plaintiff is advised that an amended complaint replaces a previously filed complaint and must stand complete on its own. The court will refer only to the amended complaint, and not to prior complaints, to determine the claims and defendants in this case. Therefore, plaintiff must state in the amended complaint the claims he seeks to raise and the defendants he seeks to sue in this case. Plaintiff must write both the case number and the judge's name on the amended complaint and return the originally filled out and signed form and a copy for the judge and a service copy for each named defendant to the Prisoner Correspondent. Plaintiff is advised to keep a copy for his files. Plaintiff may request additional copies of an amended complaint form if needed to provide the Court with a sufficient number of copies. Plaintiff's failure to comply with this order will result in summary dismissal of this case.